UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN ATWELL, et al., | ) |
|       Plaintiffs, | ) |
|       vs. | )    Case No. 4:12-CV-2363 (CEJ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
|       Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand the action to the Twenty-Second Judicial Circuit of Missouri (City of St. Louis) from which it was removed. Defendant Boston Scientific Corporation has filed a response in opposition and the issues are fully briefed.

I.   **Background**

On November 25, 2012, 67 women and 27 spouses filed this products liability action in state court. The women allege that they underwent implantation of transvaginal mesh products manufactured by defendant for treatment of urinary incontinence. They claim that they have suffered injuries arising from defects in the products, including intractable pain, inflammation, and functional disabilities.

On December 20, 2012, defendant removed the action to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs seek remand, arguing that this Court lacks subject-matter jurisdiction over the dispute because there is not complete diversity of the parties: defendant is a citizen of Delaware and Massachusetts. Plaintiff Carol Dunn is also a citizen of Massachusetts. Defendant does not dispute that complete diversity is lacking if consideration is given to Dunn's

citizenship. However, defendant asserts that Dunn's claims have been fraudulently misjoined in an attempt to prevent removal.

## II.   Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III.   Discussion

The Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. Prempro, 591 F.3d at 620. The Eighth Circuit discussed the doctrine of fraudulent misjoinder in Prempro, stating:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving

-2-

>   a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.   Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Id.

In Prempro, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because the plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts, and suffered different injuries.  Id. at 618.  The district court found that the claims were improperly joined under Fed.R.Civ.P. 20(a) because they did not arise out of the same transaction or occurrence.

On appeal, the Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine because it found that, even it the doctrine were applicable, the "plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder."   Id. at 622.   In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries.  Id. at 623.  Thus, the court wrote, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to

each other such that they are egregiously misjoined."[1]  Id.  (citing Tapscott v. MS Dealer Serv.Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)).

Defendant argues that the evidence in this case establishes that the parties have been misjoined because the plaintiffs were implanted with six different devices, using four different placement options, by different surgeons in response to different patient-specific factors.  Rule 20(a)(1) permits persons to join as plaintiffs if (1) they assert any claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action."  "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Prempro, 591 F.3d at 622 (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).

Here, plaintiffs allege that all the Boston Scientific Mesh products at issue involve the implantation of polypropylene mesh in the vaginal wall tethered in place by two arms that extend up through the buttocks.  Comp. at ¶83.  They further allege that the implanted material is biologically incompatible with human tissue and promotes a negative immune response.  Id.  The products are designed to be implanted using a method that exposes them to bacteria, yeast and fungus that can adhere to the mesh and cause immune reactions.  Id. at ¶85.  In addition, the products can contract or

---

[1]The Eighth Circuit also noted that a finding that the claims are not "fraudulently misjoined" does not amount to a determination that they are properly joined under Rule 20.  Id.

shrink once implanted and cause damage to the surrounding tissue. Id.  The mesh has a propensity to degrade or fragment over time, which may cause tissue to degrade. Id.  The methods used to insert and anchor the products may cause nerve injury. Id. As in Prempro, common questions of law and fact, especially regarding causation, are likely to arise in this case.

With respect to defendant's contention that the alleged misjoinder is egregious, "the majority of courts demand more than simply the presence of nondiverse, misjoined parties, but rather a showing that the misjoinder reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." Prempro, 591 F.3d at 623 (quoting Laura J. Hines & Steven S. Gensler, Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction, 57 Ala. L. Rev. 779, 803 (2006)).  Defendant argues the Court should find egregious misjoinder because plaintiffs fail to plead specific facts regarding their underlying medical conditions or the precise injuries they allege they sustained from defendant's products.  These facts were omitted, defendant states, to conceal the absence of a common question of fact.  Furthermore, defendant argues, there are reasons to believe that several of the plaintiffs' claims are time-barred.  In light of Prempro, the Court declines to find that these possible deficiencies in pleading amount to bad faith misjoinder.

IV. **Conclusion**

The plaintiffs' joinder of claims in this case does not constitute egregious misjoinder and, therefore, complete diversity does not exist and this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #9] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2013.